## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BYRON TYREE WATSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-10-1382-R ) |
| JAMES EZELL, Warden, | ) ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Valerie K. Couch for preliminary review. On March 10, 2011, Judge Couch issued a Report and Recommendation wherein she recommended that the Respondent's motion to dismiss be granted, that Petitioner's motion to stay be denied, and that Petitioner be permitted to amend his petition, should he so desire, to voluntarily dismiss his unexhausted claim. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation. Having conducted its *de novo* review, the Court finds as follows.

Petitioner does not argue that his petition contains only exhausted claims; he concedes that one of the four claims presented therein was not exhausted when he filed the petition on December 23, 2010. Petitioner contends, however, that this case should be stayed pending the outcome of his application for post-conviction relief, which is currently pending in the

Court of Criminal Appeals.[1] Petitioner contends that a short stay in this action will permit the Oklahoma Court of Criminal Appeals the opportunity to issue a decision on his application for post-conviction relief.

Although the Court has the discretion to stay this action pending the exhaustion of Petitioner's currently unexhausted claims, it declines to do so. Petitioner is not at risk for losing the opportunity to seek habeas corpus relief by virtue of the statute of limitations, because his statute of limitations period has not yet run, and additionally, he is entitled to tolling for the period of time during which his state application for post-conviction relief has been pending. Because this is not a case where outright dismissal could jeopardize the timeless of Petitioner's collateral attack in federal court, the Court concludes Petitioner is not entitled to a stay and abeyance.

Furthermore, because it is apparent that Petitioner does not wish to amend the petition to dismiss his unexhausted claim, the Court declines to grant him permission to amend. Petitioner is of course free to file a new application for habeas corpus relief raising all of his claims following a decision by the Oklahoma Court of Criminal Appeals on his application for post-conviction relief.

For the reasons set forth herein, the Report and Recommendation is hereby adopted, and the petition is hereby dismissed without prejudice. Respondent's motion to dismiss is granted. Petitioner's motion to stay is denied.

---

[1] Petitioner filed his application for post-conviction relief in the District Court of Oklahoma County on February 10, 2011. By order dated March 14, 2011, the application, which raised two issues, was denied. Petitioner filed his petition in error in the Oklahoma Court of Criminal Appeals on April 1, 2011.

IT IS SO ORDERED this 6th day of April 2011.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE